In the will of Elizabeth Jones are the following provisions: "As to my property, my will and desire is, that after my death, it may all be equally divided among my children, share and share alike, but in the *Page 113 
distribution, it is my will and desire that the portions falling to my daughters Jane Boykin, Amanda Edwards, and Eugenia Blackwood, should be secured and settled upon them, the said daughters and their children respectively: and the more effectively to carry (135) into execution this my will and desire, in regard to the division that may fall to my daughters aforesaid, I give and bequeath such lots and divisions as may fall to them from the equal divisions of my property as aforesaid, unto my beloved friend Ashley Saunders to hold in trust for the sole use and benefit of them, my said daughters Jane, Amanda, and Eugenia, and their heirs forever, to him and his heirs in trust as aforesaid: and the more fully to administer and carry into effect this my will, I do hereby appoint Ashley Saunders and my son. Willis W. Jones, as my executors to this my will."
Plaintiff Saunders qualified and received, on account of the three daughters, a sum of money amounting to about $820 each. He alleges in his bill, that he has thus far (up to November, 1854) paid to Eugenia Eugenia, and their heirs forever, to him and his heirs in trust as afore — Blackwood, regularly, the interest accruing on the sum held as hers — to Amanda Edwards interest on her share up to November, 1852, at which time she died. To Jane Boykin he has paid nothing, because she and her husband have refused to receive the interest alone without the principal, and still insist on receiving the latter.
Amanda, at her death, left four children surviving her, of whom three were born at the death of Elizabeth Jones the testatrix, and Jane, the daughter of said Elizabeth, at the filing of this bill had four children, of whom, three only were born at the death of the testatrix. Eugenia at the death of the testatrix, had five children, and now has seven: all of these children of the three daughters are infants, and are made parties defendant to the bill, and have answered by their guardians.
Administration was taken on the estate of Amanda Edwards by W. H. McCullers, and her representative made a party defendant also.
The husbands of the surviving daughters are likewise made parties defendant.
The bill states further, that there are conflicting claims set up to the property under the above disposition: the husbands of the daughters insisting, that the property is left to their wives in (136) absolute right, and that they are entitled to the shares that may be assigned to their wives respectively.
On the other hand the daughter Amanda, during her life, contended, and her administrator now contends, as do also the daughters Eugenia and Jane, that the said property was intended to be, and was in fact, conveyed in trust for their sole and separate use and benefit. *Page 114 
Another difficulty is suggested by the executor himself in behalf of the children of these daughters, and that is, whether the use of said property does not vest in the mothers for life only, and afterwards in their children?
And if this latter construction is to prevail, still another question arises, viz: whether the children who were en esse at the death of the testatrix, or whether all the children born of these three daughters are entitled?
The executor and trustee Saunders calls upon the defendants to litigate and settle these questions amongst themselves in this Court, and prays that he may be instructed what are the legal and equitable rights of the parties in the premises, and that he may be protected by a decree of this Court, in paying over the estate in his hands.
The answers of the husbands, Blackwood, Boykin, and Edwards, and the wives of the two former, and McCullers the administrator of Mrs. Edwards — also, the children of these defendants file their answers reasserting the above contradictory claims, and upon the facts set out in the plaintiff's bill pray, severally, that the Court may decree according to right and equity in their behalf.
The cause was set down for hearing upon the bill, answers, and exhibit, and sent to this Court.
The trusts created by this will of the plaintiff's testatrix, are manifestly such as are called executory, in contradistinction (137) to trusts executed. The difference between them is, that the first merely declares a general plan or outline, to be carried out in detail by the trustee, according to the apparent intention of the creator of the trust; while the second is a final and complete declaration, by the person raising the trust, of what it is, and leaving nothing to be done by the trustee to define and settle it. The first is construed more liberally, and less subject to the legal signification of technical terms than the other, as will be abundantly seen in Fearne and all the other elementary writers who discuss and explain the celebrated rule in Shelly's case. Here the testatrix states in express terms, that her purpose, in raising the trust, is to provide a fund for the sole use and benefit of her married daughters and their children. That purpose is a proper one, and can be made effectual only by giving estates for the sole and separate use of the daughters respectively for life, with remainder for their children. This will of course embrace all the children, *Page 115 
which the daughters may have during their lives. It follows as a necessary consequence that the husbands are not entitled to the principal of the fund, and that the trustee acted right in paying the interest, only, to the wives. A decree may be drawn in accordance with this opinion.
Per curiam.
Decree accordingly.
Cited: Hooker v. Montague, 123 N.C. 157.